IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LORI A. RAND,

        Plaintiff,

vs.                                  Case No. 12-4027-JTM

GERALD L. RUSHFELT AND THE UNITED
STATES GOVERNMENT,

        Defendants.

MEMORANDUM AND ORDER

The defendants' Motion to Dismiss (Dkt. No. 3) is before the court. The plaintiff, Lori A. Rand, alleges that the Honorable Gerald L. Rushfelt and a courtroom deputy have ignored her requests for assistance in another civil case. She does not allege any injury and requests only that she be provided with assistance in her other case. For the following reasons, the motion is granted.

On October 11, 2011, Ms. Rand filed an employment discrimination suit with this court. *See Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136. The case has been assigned to Judge Kathryn H. Vratil and to Judge Rushfelt. On February 8, 2012, Ms. Rand filed a motion for appointment of counsel in that case, which Judge Rushfelt denied. Ms. Rand filed this case on March 12, naming Judge Rushfelt and the United States as defendants.

As an initial matter, the court must acknowledge that Ms. Rand has failed to respond to the Motion to Dismiss. The defendants filed the motion on March 23, 2012. Under D. Kan. R. 6.1(d), Ms. Rand had 21 days from that date to respond. She failed to do so. When a party has failed to

respond in time or failed to respond at all, Local Rule 7.4(b) provides:

> **(b) Responsive Briefs or Memorandums**. Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the 6.1(d) time requirements, the court will usually consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Ms. Rand is proceeding pro se, thus, this court construes her arguments liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). The court, however, will not assume the role of advocate for the pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Ms. Rand has not responded, the court grants the motion as uncontested. But the court notes that her Complaint fails for several reasons as well. First, the United States and its employees sued in their official capacities are immune from suit, unless sovereign immunity has been waived. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). Ms. Rand's Complaint does not allege waiver has occurred here, and this court is not aware that waiver would apply. Second, the doctrine of judicial immunity protects a judge from liability for the judge's official adjudicative acts. *Stump v. Sparkman*, 435 U.S. 349, 362-64 (1978); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). Judicial immunity extends to judicial acts done in error, with malice, or in excess of authority. *Stump*, 435 U.S. at 356. To overcome immunity, Ms. Rand must show that Judge Rushfelt's actions were outside his judicial capacity or were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The "acts" alleged by Ms. Rand only relate to Judge Rushfelt's official judicial functions—ruling on a motion to appoint counsel. Thus, he is entitled to judicial immunity. Ms. Rand's case also fails because she has failed to "state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Therefore, for all of the above reasons, the court grants defendants' Motion.

IT IS ACCORDINGLY ORDERED this 23rd day of April 2012, that defendants' Motion to Dismiss (Dkt. No. 3) is granted.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE